# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

# STATE OF LOUISIANA

CASE NO.: 22 - 06112   DIVISION: 6

DR. BORIS ODYNOCKI

V.

SOUTHERN UNIVERSITY AT NEW ORLEANS, DR. DENNIS J. SHIELDS, PRESIDENT-CHANCELLOR, SOUTHERN UNIVERSITY SYSTEM, DR. JAMES H. AMMONS, JR., CHACELLOR of SOUTHERN UNIVERSITY at NEW ORLEANS

FILED: _____   DEPUTY CLERK_____

## PETITION

NOW INTO COURT comes petitioner, *pro se,* Dr. Boris Odynocki, who files this petition and represents the following:

1. The petitioner is of legal age and domiciled in the Parish of St. Tammany, State of Louisiana.

2. **Defendants** are:

    a) Southern University at New Orleans, a branch of Southern University System, an institution owned and operated by the State of Louisiana.

    b) Dr. Dennis Shields, President-Chancellor of Southern University System in his individual and official capacity. He is a person of full age of majority and is a resident of the Parish of East Baton Rouge, State of Louisiana.

    c) Dr. James H. Ammons, Chancellor of Southern University Jr in his individual and official capacity. He is a person of full age of majority and is resident of East Baton Rouge Parish of Louisiana.

3. Dr. Odynocki has been tenured associate professor of sociology at Southern University at New Orleans since 1986.

4. The petitioner has an excellent record of performance at this university.

5. In 2008, in response to demands from students for employment-relevant education, the petitioner updated the archaic sociology curriculum by introducing courses in applied sociology (Medical Sociology, Conflict Resolution, Human Behavior at Work, and others.) that prepared students for jobs in the New Orleans Metropolitan Area, which he taught along with other courses.

**Exhibit A**

6. Petitioner also raised academic standards by requiring his students to write assay exams and discuss them in class. Those who submitted plagiarized exams or who did not know what was in them, or refused to know, were given failing grades.

7. Students with excessive number of absences were given F's as well.

8. Some students could not adjust to such rigors, and complained to the SUNO administration. Their complaints found sympathetic ear among top administrators.

9. On October 21, 2021, a student, who received a D for her open book, take home exam, filed a vicious, derogatory, and absurd complaint with the SUNO administration, criticizing plaintiff for speaking negatively in class about Black colleges in general and SUNO administration in particular.

10. On Nov. 2, 2021 Dr. Odynocki was abruptly suspended with pay from teaching all of his courses, without warning, by Dr. Gregory Ford, Vice-Chancellor for Academic Affairs. His teaching assignments for the spring semester of 2022 were hurriedly cancelled as well.

11. On January 4, 2022, plaintiff discovered that his name was removed from the payroll.

12. On January 31, 2022, the plaintiff filed a complaint with the United States District Court for the Eastern District of Louisiana against SUNO for illegal dismissal from his tenured position.

13. Four days later plaintiff received an electronic letter dated January 31 from Dr. Ammons, Chancellor of SUNO, advising the Dr. Odynocki that he still is a full time employee, and inviting him to fill out employee time sheet.

14. As a result, plaintiff felt that his complaint was addressed satisfactorily by the SUNO administration and began looking forward to a productive fall semester of 2022.

15. But a surprise was waiting for him! There were no courses scheduled for him to teach in the fall semester of this year. His time sheet was removed from the SUNO website as well with no explanation!

16. His letters to Dr. Shields, President-Chancellor of the SU system and to Dr. James Ammons asking for teaching assignments were ignored.

17. It becomes obvious that plaintiff's tenured position had been terminated without due process and without a cause as required by his tenure contract.

**Law and Argument**

18. According to the Bylaws and Regulations of the SU System, (*Bylaws and Regulations from now on*) "tenure is not employment for a specified term; it is the right to continued employment, subject to dismissal for cause." And further, "Any appointment, whether temporary, probationary, or tenured, may be terminated for cause. However, dismissal for cause carries with it the right to a hearing in accordance with principles of due process and accepted academic practice. *(Bylaws and Regulations, Article VIII, Sect 6)*. Tenure conveys onto the plaintiff property right, *[Board of Regents v. Roth, 408 U.S. 564, 568, 92 S. Ct. 2701, 2704, 33 L Ed. 2d 548 (1976)]*.

19. If there is protected property interest, then petitioner has due process rights in his tenured position (Roth, 408 U.S. at 569, 92 S. Ct. at 2704) guaranteed by the Constitution of the United States with its Amendment XIV, Section 1 that reads: " No State ... shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

20. Internal appeals were ignored by Dr. Dennis Shields, President of Southern Universitry System and Dr. James Ammons, Chancellor of SUNO.

21. Plaintiff's contractual rights as tenured professor at SUNO have been violated deliberately in the following non-exclusive particulars:

    a. Termination without cause;

    b. Termination without financial exigency;

3

   c. Termination without a reason justified by the Bylaws and Regulations of the Board of Supervisors of Southern University System.

   d. Violation of his right to due process by SUNO's failure to follow its own regulations and bylaws with regard to termination of Dr. Odynocki's employment;

   e. Ignoring the following rule: "*Notice of termination shall be provided to a tenured member the faculty no less than the equivalent of one academic year prior to the effective date of termination of employment*". [Bylaws and Regulations of the Board, Chapter II, Section 2-8, tenured (1), P.41].

22. By failing to follow its own Bylaws and Regulations, and by refusal to give Dr. Odynocki all the benefits of his tenure prior to termination of his employment, SUNO has breached its contractual obligations to the plaintiff.

## Relief Sought

23. Plaintiff pleads that the Court find defendants to be in breach of their tenure contract with Dr. Odynocki.

24. That plaintiff be reinstated to his tenured position in the Department of Social Sciences, and given courses to teach; or be appointed to a suitable alternative position within the SU system.

25. That Dr. Odynocki be awarded any back pay and benefits up to the date of his reinstatement.

Respectfully submitted by

*Boris Odynocki*

Dr. Boris Odynocki
Plaintiff *pro se*
234 Goldenwood Dr.
Slidell, La 70461
Tel: 985-649-4844
E-mail: bodyn41@gmail.com

**Please Serve:**

Dr. Dennis J. Shields
President-Chancellor
Southern University System
J.S. Clark Adm. Bldg.
4th floor President's Office
Baton Rouge, LA 70813

4

**A TRUE COPY**

*Jayla Williams*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

Dr. James Ammons
Chancellor
Southern University at New Orleans
6400 Press Dr.
New Orleans, La 70126

Southern University at New Orleans
6400 Press Dr.
New Orleans, La 70461

Jeff Landry
Attorney General
Louisiana Department of Justice
1885 N. 3d Street
Baton Rouge, La 70802